O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRASEUT CHANTHASEN,<br><br>              Petitioner,<br><br>   vs.<br><br>RICHARD IVES, WARDEN,<br><br>              Respondent. | CASE NO. CV 12-8872 VBF (RZ)<br><br>ORDER SUMMARILY DISMISSING HABEAS PETITION AS DISGUISED § 2255 MOTION |

The Court will dismiss this putative 28 U.S.C. § 2241 habeas petition summarily because the face of the petition, combined with judicially-noticeable information, indicates that it is an abusive, disguised motion under 28 U.S.C. § 2255. Petitioner asserts a challenge to his federal marijuana-growing conviction and/or sentence that may only be asserted pursuant to § 2255 in the court that tried him, namely the United States District Court for the Eastern District of California. His asserting such challenges here, having labeled them as a putative § 2241 petition, is obviously improper.

## I.
## BACKGROUND

Petitioner Praseut Chanthasen is a federal prisoner housed in Lompoc, in this judicial district. On June 27, 2008, after a four-day trial before District Judge Lawrence J.

O'Neill, a federal jury in the Eastern District of California convicted Petitioner and others on charges of growing large quantities of marijuana. *See generally* docket in *United States v. Lawphachan*, No. CR 06-0212 AWI (E.D. Cal.) (verdict is docket #147). Prior to his sentencing, Petitioner and the government extensively briefed Petitioner's motion for acquittal or a new trial, but Judge O'Neill denied that motion on December 19, 2008. On the same day, the court sentenced Petitioner to a lengthy prison term. *Id*. (docket #181).

Petitioner appealed, asserting insufficient evidence and a prejudicial failure by the prosecution to preserve a certain digital photograph. (Petitioner did not challenge his sentence.) The Ninth Circuit affirmed in an unpublished memorandum decision. *See United States v. Chanthasen*, 367 Fed.Appx. 796, No. 09-10001 (9th Cir. 2010).

Petitioner's petition here appears to rehash some of his arguments against his conviction, and to add new arguments, many of which newly attack his sentence.

## II.

## DISCUSSION

28 U.S.C. § 2255 generally provides the sole procedural mechanism by which a federal prisoner may test the legality of his detention. *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). That section bars courts from entertaining most habeas petitions where "it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief[.]" In light of this rule, the statute on its face appears to bar the present action. Section 2255 itself permits resort to a 28 U.S.C. § 2241 petition when a § 2255 motion is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255. This clause is sometimes referred to as the "escape hatch" to § 2255's exclusivity provision. *Lorentsen*, 223 F.3d at 953.

Only rarely is § 2255's escape hatch available. A § 2255 motion cannot and should not be viewed as "inadequate" merely because the sentencing court has denied relief on the merits. *Id*. Any contrary ruling would nullify the statute's gatekeeping provisions, and Congress then would have accomplished little in its attempts to limit federal collateral

1  review in passing laws such as the Antiterrorism and Effective Death Penalty Act of 1996
2  ("AEDPA").  *See Triestman v. United States*, 124 F.3d 361, 374-76 (2nd Cir. 1997)
3  (discussing Congressional intent to narrow collateral attacks).

> we have held that a § 2241 petition is available under the "escape hatch" of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim.

*Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (collecting cases).[1]

---

[1] Those courts which have found that a § 2255 motion would be "ineffective" or "inadequate" have done so when, due to unusual circumstances, the absence of any avenue for collateral review would raise serious constitutional questions. An example is the series of cases arising in the wake of *Bailey v. United States*, 516 U.S. 137, 116 S. Ct.501, 133 L. Ed. 2d 472 (1995). *See Sustache-Rivera v. United States*, 221 F.3d 8, 16 n.13 (1st Cir. 2000) ("The case law has come from the courts of appeals in the context of determining when the savings clause should apply, mainly in the wake of *Bailey*.").

In *Bailey*, the Supreme Court held that a defendant charged with "using" a firearm in violation of 18 U.S.C. § 924(c) cannot be convicted on that charge unless he actively employed the weapon. 516 U.S. at 150. Prior to *Bailey*, many circuits upheld convictions under 18 U.S.C. § 924(c) upon a showing of something less than "active employment" of the firearm. The Ninth Circuit, for example, affirmed convictions under § 924(c) upon a showing of mere possession. *United States v. Torres-Rodriguez,* 930 F.2d 1375, 1385 (9th Cir. 1991), *abrogated by Bailey, supra*. Following *Bailey*, many prisoners who already had filed unsuccessful, pre-*Bailey* § 2255 motions filed § 2241 petitions seeking to overturn their convictions. A few courts have allowed those prisoners to proceed on their § 2241 petitions on the grounds that these prisoners could not have raised their claims of innocence in an effective fashion at an earlier time, and that serious due process questions would arise if Congress were to close off all avenues of redress in such cases. *See, e.g., Triestman*, *supra*, 124 F.3d at 379; *In re Hanserd*, 123 F.3d 922, 929-930 (6th Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997); *United States v. Lorentsen*, 106 F.3d 278, 279 (9th Cir. 1997).

One such avenue for redress is a motion to correct the sentence under 28 U.S.C. § 2255, solely in the sentencing court. A successive motion under § 2255 may be entertained only based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). (Claims under *Bailey* cannot

Here, opening the "escape hatch" is unwarranted. Petitioner already has fully litigated two direct-appeal claims attacking his conviction. He did not include his current claims attacking his *sentence*, but he knew what his sentence was and certainly had the *opportunity* to have included such challenges at that time. Similarly, Petitioner has not moved in the trial court for § 2255 relief, although he certainly had the opportunity to do so. The mere fact that Petitioner has not succeeded in one or more such "procedural shots," or that he simply did not *take* those shots, does not somehow render the prior proceedings so "inadequate or ineffective" as to allow an "escape hatch" petition under § 2241.

### III.
### CONCLUSION

For the foregoing reasons, the action is DISMISSED without prejudice to Petitioner's pursuit of relief in the Eastern District of California, the Court of Appeals for the Ninth Circuit or the United States Supreme Court.

DATED: November 1, 2012

*Valerie Baker Fairbank*

VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

---

form the basis of a successive § 2255 motion because *Bailey* construed a statute, not the Constitution. Therefore, some courts have held, the escape hatch opens, because a serious due process concern would arise if no mechanism exists to adjudicate the claim. *See United States v. Brooks*, 230 F.3d 643, 647-48 (3rd Cir. 2000) (collecting cases).)